**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2399-22

IN THE MATTER OF
MICHAEL MAUDLIN,
APPEAL OF A DENIAL
OF AN APPLICATION
FOR A PERMIT TO
CARRY A HANDGUN
AS A RETIRED LAW
ENFORCEMENT OFFICER.

_____

Submitted May 6, 2024 – Decided May 17, 2024

Before Judges Marczyk and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. GPA-002-22.

Law Offices of Antonio J. Toto, Esq., LLC, attorney for appellant Michael Maudlin (Antonio J. Toto, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent State of New Jersey (Nancy Anne Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Former state trooper Michael Maudlin appeals from the March 6, 2023 order denying his application for a permit to carry a handgun as a retired law enforcement officer ("RLEO permit"). We affirm.

Maudlin was employed by the New Jersey State Police as a state trooper from November 19, 1987, to July 30, 2009. For his over twenty years of service, Maudlin was entitled to a State Police pension. Effective May 6, 2008, Maudlin was suspended without pay pending an internal affairs investigation into allegations of misconduct. On July 27, 2009, Maudlin pleaded guilty to the charges and separated from service pursuant to a plea agreement he entered into with the State Police. In exchange for his resignation, the State Police agreed Maudlin would retain his right to collect a pension.

On August 12, 2021, Maudlin applied for a RLEO permit. By letter dated February 16, 2022, the Firearms Investigations Unit ("FIU") of the State Police denied Maudlin's application because the State Police, his former employer, reported that Maudlin's "departure . . . was a resignation rather than a retirement" and, therefore, he did "not meet the requirements of N.J.S.A. 2C:39-6(l)." The FIU also denied Maudlin's application because his former employer "refused to endorse and certify" his application as required by N.J.S.A. 2C:39-6(l).

Maudlin appealed the denial to the Law Division. The court conducted an

evidentiary hearing at which Maudlin and Detective Sergeant Anthony Mason of the FIU testified.

Maudlin testified he voluntarily resigned as part of a plea agreement following an internal affairs investigation. Specifically, he testified:

> [Counsel:] And then how did your career end, so to speak?
>
> [Maudlin:] It was because of the internal investigation . . . . by the State Police.
>
> [Counsel:] You chose to retire?
>
> [Maudlin:] I [did not] cho[o]se . . . I [did not] have a choice in the matter. . . . Because of the investigation I could no longer work for them.
>
> [Counsel:] All right. So you opted for retirement?
>
> [Maudlin:] I [did not] opt for retirement, no. . . . But . . . I signed the paperwork.
>
>      . . . .
>
> [State:] [Y]ou entered into a plea agreement with respect to [the Internal Affairs'] charges. Is that correct?
>
> [Maudlin:] That[ i]s correct.
>
> [State:] Okay. And your understanding was that you could no longer be a trooper. Is that correct?
>
> [Maudlin:] That[ i]s correct.

A-2399-22

[State:] And you had to resign. Is that correct?

[Maudlin:] I signed the paperwork, yes.

[State:] [A]s part of this plea agreement, because you were voluntarily resigning, you would still be entitled to collect retirement benefits. Is that correct?

[Maudlin:] That[ i]s correct, yes.

[State:] Because if you were terminated or fired, that may not be available to you. Is that correct?

[Maudlin:] That[ i]s correct.

On March 6, 2023, the court issued an order denying Maudlin's appeal, supported by a written opinion. The court determined N.J.S.A. 2C:39-6(l) requires "first and foremost that an applicant [for a RLEO permit] be a law enforcement officer who retired in good standing." The court found Maudlin "did not retire in good standing" because "[h]e resigned as part of a plea deal reached after disciplinary charges against him had been substantiated" and therefore was not "entitled, according to the plain and unambiguous language of the statute, to a [RLEO] permit."

The court found Maudlin's testimony "regarding his understanding of his status on separation from employment" was "less than persuasive," noting he "hesitated to take any position that he had knowingly 'retired' in conjunction with the plea agreement he had entered." The court found Maudlin produced

A-2399-22

"no documentation, or credible testimony, to contradict the evidence offered by the State." The court found the State met its burden to demonstrate by a preponderance of the evidence there was good cause to deny Maudlin's application because the State's evidence "clearly reflected" Maudlin's resignation.

On appeal, Maudlin contends he retired in good standing and is entitled to a RLEO permit pursuant to N.J.S.A. 2C:39-6(l). Maudlin also argues "[b]ecause he resigned, it does not necessarily mean he was 'not in good standing.'"

We are bound to accept the trial judge's factual findings if they are supported by substantial credible evidence. In re Return of Weapons to J.W.D., 149 N.J. 108, 116 (1997) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)). We exercise de novo review, however, over the judge's legal determinations. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

We affirm substantially for the reasons set forth in the court's well-reasoned written opinion. We add the following comments.

N.J.S.A. 2C:39-5(b) prohibits the possession of a handgun without a permit. However, N.J.S.A. 2C:39-6(l) provides, in relevant part: "[n]othing in [N.J.S.A. 2C:39-5(b)] shall be construed to prevent a law enforcement officer

5

who <u>retired</u> in good standing, . . . from carrying a handgun" if certain conditions are met.  (Emphasis added).

In construing any statute, we must give words "their ordinary meaning and significance," recognizing that generally the statutory language is "the best indicator of [the Legislature's] intent."  <u>DiProspero v. Penn</u>, 183 N.J. 477, 492 (2005); <u>see also</u> N.J.S.A. 1:1-1 ("words and phrases shall be read and construed with their context, and shall . . . be given their generally accepted meaning.").  By its express terms, the statute applies only to law enforcement officers who "retired in good standing."  It does not apply to officers who separated from service or resigned.

Maudlin's contention that the court erred by finding he does not qualify as a retired law enforcement officer lacks merit.  As the court correctly determined, the terms of Maudlin's plea agreement plainly evidence Maudlin's resignation from the State Police.  After pleading guilty to allegations of misconduct, Maudlin agreed to resign from service in exchange for the right to collect a pension.  Moreover, the court found Maudlin's testimony "less than persuasive regarding his understanding of his status on separation from employment," noting he "hesitated to take any position that he had knowingly 'retired' in conjunction with the plea agreement he had entered."  There is no reason to

disturb the court's determination that Maudlin does not qualify as a retired law enforcement officer.

Maudlin's contention that he is entitled to a RLEO permit because he resigned "in good standing" also lacks merit. N.J.S.A. 2C:39-6(l) plainly applies only to "retired" law enforcement officers in good standing. Maudlin is not a retired law enforcement officer and is not entitled to a RLEO permit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2399-22